**Ramon Garcia CRUZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73731.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

Blake Nordahl, Sacramento, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Audrey B. Hemesath, Esq., Office of the U.S. Attorney, Sacramento, CA, David V. Bernal, Jamie M. Dowd, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Ramon Garcia Cruz, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals denying petitioner's motion to reopen the underlying denial of his application for cancellation of removal.

In the underlying decision, the immigration judge determined that petitioner failed to establish exceptional and extremely unusual hardship to his United States citizen children, and denied the application for cancellation of removal. In the motion to reopen, petitioner submitted evidence that one of his children suffered child abuse and needs psychological counseling. The BIA concluded that petitioner failed to submit new material evidence because petitioner was aware of the abuse prior to his removal hearing, and denied the motion to reopen.

We retain jurisdiction to review cases "in which the BIA rules that a motion to reopen fails to satisfy procedural standards such as the evidentiary requirement" of material and previously unavailable evidence. *Fernandez v. Gonzales,* 439 F.3d 592, 600 and n. 7 (9th Cir.2006). We conclude, however, that the BIA did not abuse its discretion in denying petitioner's motion to reopen proceedings, because he failed to demonstrate that the new evidence he submitted was previously unavailable, given that petitioner was aware of the abuse prior to the removal hearing and even briefly mentioned the abuse during his testimony. *See* 8 C.F.R. §§ 1003.2(a) and (c); *Bhasin v. Gonzales,* 423 F.3d 977, 984 (9th Cir.2005). We also

reject petitioner's claim that the BIA failed to consider all of the evidence submitted with the motion to reopen.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

